Receipt number AUSFCC-5621701

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

PENROSE PARK ASSOCIATES, L.P.,

Plaintiff,

v.

UNITED STATES OF AMERICA, acting through the DEFENSE LOGISTICS AGENCY,

Case No. 19-1346 C

(Judge ________)

**COMPLAINT**

Plaintiff, Penrose Park Associates, L.P. ("Penrose Park"), by and through its counsel, Fox Rothschild LLP, hereby files this Complaint asserting causes of action for breach of contract; breach of express warranty; breach of implied warranty of merchantability; and breach of implied warranty of fitness for a particular purpose; failure to properly remediate land under the Hazardous Sites Cleanup Act of 1988; negligent retention of a contractor; and negligent supervision of a contractor against Defendant, the United States of America, acting through the Defense Logistics Agency ("DLA").

In support of its causes of action against the DLA, Penrose Park alleges the following:

**PARTIES**

1. Plaintiff, Penrose Park, is a Pennsylvania limited partnership located at 409 Stenton Avenue, Flourtown, Pennsylvania 19031.

2. Defendant, the United States of America, acting through the DLA, is a federal agency operating in all 50 states. The DLA is headquartered at the Andrew T. McNamara Building, 8725 John J. Kingman Road, Fort Belvoir, Virginia 22060-6221.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a) because Penrose Park granted an easement to the DLA, which is a express contract between the DLA and Penrose Park, and Defendant, United States of America, acting through the DLA breached the terms of that contract.

4. This Court has jurisdiction under the Federal Tort Claims Act, Federal Tort Claims Act, Title 28, United States Code, §§ 2671 *et seq.* because Defendant, United States of America, acting through the DLA, caused injury or harm to Penrose Park and its property through the DLA's failure to properly remediate the site pursuant to orders from the Pennsylvania Department of Environmental Protection and its negligent retention and supervision of a contractor. Because DLA's negligence caused injury or harm to its property, Penrose Park now seeks money damages.

5. Penrose Park gave notice of a claim to the Department of the Army on September 26, 2018. Because the United States failed to respond to the claim, the claims were deemed denied on March 26, 2019.

**BACKGROUND**

6. Plaintiff, Penrose Park's causes of action arise out of Defendant, the DLA's breach of contract and negligent retention and supervision of contractors, including Pennoni Associates, Inc. ("Pennoni") and Renova-Pars Joint Venture, LLC ("Renova"), in the design,

installation and/or repair of vapor barriers at Siena Place/Penrose Park ("Siena Place") in Philadelphia, Pennsylvania, which resulted in Penrose Park suffering injury to its property.

7. Siena Place was built on land formerly owned by the DLA, which operated a manufacturing and supply depot for United States military for more than 100 years on the site.

8. On December 10, 1999, the Pennsylvania Department of Environmental Protection ("PaDEP") ordered the DLA to remediate a naphthalene plume that developed in the soil due to the improper disposal of petroleum-based products pursuant to the Hazardous Sites Cleanup Act of 1988, 35 P.S. § 6020.101 *et seq.* ("HSCA"). *See* Easement, at 1, "PaDEP Order" at Exhibit "B" of the Easement (attached hereto as Exhibit "A").

9. The PaDEP Order and the Easement both impose upon the DLA an ongoing obligation to monitor, operate, and maintain the remediation systems.

10. Penrose Park acquired the Siena Place land on or about September 20, 2007 from the Philadelphia Housing Authority. *Id.* at 1.

11. Penrose Park recorded the Easement on April 23, 2008.

12. Pursuant to the Easement, the DLA was required to "fund the cost for the installation of vapor barriers underneath to-be-constructed residential or commercial buildings on the [p]roperty." *See* Exhibit "A" at ¶ 8.

13. The Easement granted the DLA and/or its "fully-insured, licensed and responsible contractor" the right to enter the land to install and/or repair the vapor barriers at any point in time." *Id.*

14. The Easement also required the vapor barriers to "be installed by a fully-insured, licensed and responsible contractor who shall provide appropriate warranties protecting [Penrose Park] against defects in material and workmanship in the vapor barriers used." *Id.*

15. The Easement further specified that:

> [Neither] the home owner's association (of Penrose Park) (including its successors), nor any tenants or invitees . . . shall have any responsibility or liability for the environmental conditions that are subject of the 1999 Order, including without limitation, any responsibility or liability to access, install, operate, inspect, maintain, repair, modify or close any such installations, components or facilities, or to take any action or incur any costs in respect of the petroleum plume or any constituent thereof, in any respect.

*Id*.

16. Pursuant to Paragraph 21 of the Easement, Penrose Park and the DLA agreed to litigate all claims arising out of the Easement or the rights granted therein, including the requirements contained in the PaDEP's 1999 order, in the Eastern District of Pennsylvania. *Id.* at ¶ 21.

17. On February 20, 2018, Penrose Park filed a suit in the District Court in and for the Eastern District of Pennsylvania, styled as *Penrose Park Associates, L.P., v. United States of America, acting through the Defense Logistics Agency, and Pennoni Associates, Inc.*, No. 2018-0730. The United States opposed the jurisdiction of the District Court; the District Court concurred with the United States' position.

18. To satisfy its obligations under the Easement, the DLA hired Fullard Environmental Controls, Inc. ("Fullard") and subcontractors Pennoni and Renova to design, install, maintain, and repair the vapor barriers at Siena Place.

19. The DLA was responsible for supervising its agents or contractors to ensure that they used reasonable care to design, install, maintain, and repair the vapor barriers.

20. The DLA, its agents and contractors, were also responsible for supervising the construction of the residences at Siena Place to ensure that the vapor barriers would not be disturbed.

21. On or about October 2016, the residents of 2207 and 2205 Roma Drive at Siena Place informed the Penrose Park that "petroleum-like" vapors were emanating from their properties.

22. Penrose Park then discovered that the vapor barriers failed and naphthalene plume gases vented into the residences at 2207 and 2205 Roma Drive.

23. Penrose Park incurred substantial expenses to repair the houses, relocate families and sustained harm to its reputation for building quality, residential homes.

24. Contrary to the express provisions of the Easement, Pennoni failed to provide a warranty on the vapor barriers and DLA failed to obtain that warranty.

25. Similarly, the DLA negligently selected a contractor, who did not provide warranty coverage, as required by the Easement and the PaDEP's 1999 order. In turn, that contractor, Fullard, and its subcontractors, Pennoni and Renova, failed to provide Penrose Park with the required warranty and has subsequently failed financially.

26. Penrose Park seeks money damages resulting from the DLA's breach of contract, breach of warranty, its failure to properly remediate the site pursuant to orders from PaDEP, and its negligent hiring and supervision of its agents and contractors.

**COUNT I**

**BREACH OF CONTRACT**

27. Penrose Park hereby incorporates by reference paragraphs 1 through 26, inclusive of its Complaint as if the same were set forth in full herein.

28. Contrary to the express provisions of the Easement, the DLA breached its duty to design of arrange for an effective vapor barriers to remediate the plume which exists under 2207 and 2205 Roma Drive at Siena Place.

29. Contrary to the express provisions of the Easement, the DLA breached its duty to install effective vapor barriers to remediate the naphthalene plume, which exists under 2207 and 2205 Roma Drive at Siena Place.

30. Contrary to the express provisions of the Easement, the DLA breached its duty to oversee the construction of the vapor barriers for the Siena Place residences.

31. Contrary to the express provisions of the Easement, the DLA breached its duty to maintain the vapor barriers under the Siena Place residence, so as to effectively isolate the naphthalene plume.

32. Upon information and belief, the vapor barriers installed and/or designed were insufficient to protect residents.

33. DLA may have failed in other locations at Siena Place.

34. Contrary to the express provisions of the Easement, the DLA failed to "repair, modify or close any such installations, components or facilities, or to take any action or incur any costs in respect of the naphthalene plume or any constituent thereof, in any respect."

35. Because of these breaches, Penrose Park sustained damages in excess of $250,000.00 associated with relocating the residents of 2207 and 2205 Roma Drive. Penrose Park also incurred attorneys' fees and related costs associated with these breaches.

36. Because of these breaches, Penrose Park also sustained considerable damage to its reputation for building quality, residential homes.

**COUNT II**

**BREACH OF EXPRESS WARRANTY**

37. Penrose Park hereby incorporates by reference paragraphs 1 through 36, inclusive of its Complaint as if the same were set forth in full herein.

38. Under the terms of the Easement, the DLA was required to "fund the cost for the installation of vapor barriers underneath to-be-constructed residential or commercial buildings on the [p]roperty." *See* Exhibit "A" at ¶ 8.

39. To this end, the DLA retained agents and contractors to design, install, maintain, and/or repair the vapor barriers at Siena Place and remediate the naphthalene plume that exists under the property.

40. The Easement also required the DLA to ensure that its agents and contractors expressly secure the "appropriate warranties protecting [Penrose Park] against defects in material and workmanship in the vapor barriers used."

41. DLA, its agents and contractors designed and installed the vapor barriers at Siena Place.

42. The DLA also supervised its agents and contractors construction of vapor barriers at Siena Place.

43. The DLA, its agents and contractors impliedly, warranted that vapor barriers were good, safe and complied with applicable codes, regulations or acceptable commercial standards and were fit for the purpose of remediating naphthalene plume at Siena Place under the terms of the Easement.

44. The DLA, its agents and contractors failed to uphold their obligations under the express warranty contained in the Easement and repair the vapor barriers that failed at 2207 and 2205 Roma Drive.

45. As a direct and proximate result of the DLA's failure to fulfill its obligations under the express warranties referenced above, Penrose Park incurred in excess of $250,000.00 in damages.

**COUNT III**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

46. Penrose Park hereby incorporates by reference paragraphs 1 through 45, inclusive of its Complaint as if the same were set forth in full herein.

47. Pursuant to the Easement, the DLA contracted to design, install, maintain, and/or repair the vapor barriers at Siena Place.

48. Under the terms of the Easement, DLA, its agents and contractors also supervised the construction of residences at Siena Place to ensure that the vapor barriers were not compromised.

49. The subsequent failure of the vapor barriers at 2207 and 2205 Roma Drive is indicative that DLA, its agents and contractors workmanship on the vapor barriers were not of merchantable quality.

50. The vapor barriers failed to adequately remediate the plume that exists below of portion of the Siena Place residences in accordance with the Easement.

51. Because the DLA failed to ensure that its agents and contractors design, install and maintain adequate vapor barriers at Siena Place, as set forth in the Easement, Penrose Park incurred substantial losses, including but not limited to relocating the residents of 2207 and 2205 Roma Drive, damage to its reputation as a builder of quality homes, and related attorneys' fees and costs.

**COUNT IV**

**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

52. Penrose Park hereby incorporates by reference paragraphs 1 through 51, inclusive of its Complaint as if the same were set forth in full herein.

53. Pursuant to the Easement, the DLA contracted to design, install, maintain, and/or repair the vapor barriers at Siena Place.

54. Under the terms of the Easement, DLA and its agents and contractors supervised the construction of residences at Siena Place to ensure that the vapor barriers were not compromised.

55. At the time of its design and installation of the vapor barriers, DLA, its agents and contractors impliedly warranted that the vapor barriers were suitable to remediate the naphthalene plume that exists below a portion of the Siena Place residences.

56. The DLA knew or should have known that Penrose Park planned to develop the land for residential use after the vapor barriers remediated the plume in accordance with Easement.

57. Penrose Park reasonably relied on the skill and judgment of the DLA to select a "fully-insured, licensed and responsible contractor" to design, install, maintain, and/or repair the vapor barriers at Siena Place.

58. Penrose Park also reasonably relied on the expertise, skill, and judgment of DLA, its agents and contractors to design, install, operate, inspect, maintain, repair, or modify the vapor barriers at Siena Place.

59. The subsequent failure of the vapor barriers at 2207 and 2205 Roma Drive, indicate that vapor barriers were not suitable or fit for purposes of remediating the naphthalene plume in accordance with the Easement.

60. Because the DLA failed to ensure that its agents and contractors design, install, operate, inspect, maintain, repair, modify the vapor barriers at Siena Place, as set forth in the Easement, Penrose Park incurred substantial losses, including but not limited to relocating the residents of 2207 and 2205 Roma Drive, damage to its reputation as a builder of quality homes, and attorneys' fees and costs.

**COUNT V**

**NEGLIGENT RETENTION OF A CONTRACTOR**

61. Penrose Park hereby incorporates by reference paragraphs 1 through 60, inclusive of its Complaint as if the same were set forth in full herein.

62. Under the terms of the Easement, the DLA was ordered to hire a fully licensed contractor to design, install, maintain, and/or repair the vapor barriers at the Siena Place property to remediate the naphthalene plume that it created by improperly disposing of hazardous waste.

63. The DLA proceeded to hire agents and contractors to design, install, maintain, and/or repair the vapor barriers.

64. The DLA selected its contractor on this project, but its contractor, was financially insolvent and was not capable of providing the proper service.

65. The DLA had a duty to ensure that Penrose Park received a warranty on the vapor barriers. *See* Exhibit "A" at ¶ 8.

66. DLA, its agents and contractors never provided a warranty on the vapor barriers. Yet, the DLA retained and supervised its agents and contractors on this project.

67. The DLA negligently failed to ensure that its agents and contractors secured a warranty on the vapor barriers, and properly performed their services.

68. The DLA could have reasonably foreseen that Penrose Park would have relied on proper performance of installation of the vapor barriers because the Easement expressly required the DLA to ensure that DLA, its agents and contractors secured a warranty on the vapor barriers before starting construction.

69. Soon thereafter, the residents of 2207 and 2205 Roma Drive reported to Penrose Park that strong "petroleum-like" odors were emanating from their basements.

70. Environmental testing revealed that the vapor barriers failed to remediate the naphthalene plume under 2207 and 2205 Roma Drive at Siena Place.

71. Upon information and belief, the vapor barriers could have failed at other locations at Siena Place.

72. The work performed was inadequate to comply with the Easement and the PaDEP's Order.

73. Because of the DLA's negligence, Penrose Park sustained damages in excess of $250,000.00 associated with relocating the residents of 2207 and 2205 Roma Drive. Penrose Park also incurred attorneys' fees and related costs.

**COUNT VI**

**NEGLIGENT SUPERVISION OF A CONTRACTOR**

74. Penrose Park hereby incorporates by reference paragraphs 1 through 73, inclusive of its Complaint as if the same were set forth in full herein.

75. The DLA was required to hire a fully licensed contractor to design, install, maintain, and/or repair the vapor barriers at the Siena Place property to remediate the naphthalene plume that it created by improperly disposing of hazardous waste.

76. The DLA proceeded to hire its agents and contractors to design, install, maintain, and/or repair the vapor barriers.

77. The DLA had a duty to supervise its agents and contractors at every stage of design, installation, maintenance, and/or repair of the vapor barriers at Siena Place to ensure the site was remediated in accordance with the Easement and the PaDEP's 1999 Order.

78. The DLA also had a duty to supervise its agents and contractors to ensure that it secured a warranty on the vapor barriers in accordance with the Easement.

79. Subsequent to the installation of the vapor barriers, the residents of 2207 and 2205 Roma Drive reported to Penrose Park that strong "petroleum-like" odors were emanating from their basements.

80. Environmental testing revealed that the vapor barriers failed to remediate the naphthalene plume under 2207 and 2205 Roma Drive at Siena Place.

81. Therefore, the DLA negligently failed to supervise its agents and contractors at every stage of design, installation, maintenance, and/or repair the vapor barriers at Siena Place to ensure the site was remediated in accordance with the Easement and the PaDEP's 1999 Order.

82. The DLA also negligently failed to ensure that its agents and contractors provide the Easement required warranty coverage on the vapor barriers pursuant to the terms of the Easement.

83. Because of the DLA's negligence, Penrose Park sustained damages in excess of $250,000.00 associated with relocating the residents of 2207 and 2205 Roma Drive. Penrose Park also incurred attorneys' fees and related costs.

**COUNT VII**

**FAILURE TO PROPERLY REMEDIATE THE SIENA PLACE PROPERTY UNDER THE HAZARDOUS SITES CLEANUP ACT OF 1988**

84. Penrose Park hereby incorporates by reference paragraphs 1 through 84, inclusive of its Complaint as if the same were set forth in full herein.

85. Contrary to the Easement and the PaDEP's 1999 order, the DLA failed to properly remediate the Siena Place property under the Hazardous Sites Cleanup Act of 1988, 35 P.S. § 6020.101 *et seq.* ("HSCA").

86. Under HSCA, 35 P.S. § 6020.701, the DLA was responsible for the release and creation of the hazardous naphthalene plume in the soil under the Siena Place property.

87. Accordingly, the DLA was subject to liability to the PaDEP for the creation of the naphthalene plume under HSCA, 35 P.S. § 6020.702.

88. In order to discharge its liabilities under HSCA, the DLA was ordered by the PaDEP to remediate the naphthalene plume. Remediation included hiring a fully licensed and insured contractor to design, install, maintain, and/or repair the vapor barriers under the Siena Place property.

89. To satisfy the PaDEP's Order, the DLA hired its agents and contractors to design, install, maintain, and/or repair the vapor barriers under the Siena Place property.

90. To ensure that the vapor barriers properly remediated the naphthalene plume, Penrose Park granted the DLA and its agents an Easement to allow for access to the Siena Place property for future maintenance and repair of the vapor barriers.

91. Subsequent to the installation of the vapor barriers, the residents of 2207 and 2205 Roma Drive reported strong "petroleum-like" odors emanating from their basements.

92. Environmental testing revealed that the vapor barriers failed to remediate the naphthalene plume under 2207 and 2205 Roma Drive at Siena Place.

93. Penrose Park sustained damages to the Siena Place property arising out of the DLA and Pennoni's collective negligence to remediate the naphthalene plume.

94. The DLA negligently selected its agents and contractors who failed to provide a warranty on the vapor barriers and caused harm to the Siena Place property.

95. Contrary to the express provisions of the Easement, DLA, its agents and contractors failed to provide a warranty on the vapor barriers and caused harm to the Siena Place property.

96. Based on the DLA's negligence, the DLA is subject to liability under HSCA to remediate the naphthalene plume under the Siena Place property or otherwise eliminate exposure to that plume pursuant to the PaDEP's Order.

97. Because of the DLA's negligence, Penrose Park sustained damages in excess of $250,000.00 associated with relocating the residents of 2207 and 2205 Roma Drive and repairing the vapor barrier that was negligently installed. Penrose Park also incurred attorneys' fees and related costs.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff, Penrose, Park seeks a judgment against Defendant, DLA, for Counts One through Seven, in the amount of in excess of $250,000.00, plus attorneys' fees, and such other relief as the Court deems just and proper.

/s/Philip L. Hinerman
PHILIP L. HINERMAN, ESQUIRE
Attorney ID No. 55496
COURTNEY A. EMERSON, ESQUIRE
Attorney ID No. 320072
**FOX ROTHSCHILD LLP**
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Tel: (215) 299-2000
Fax: (215) 299-2150
phinerman@foxrothschild.com
cemerson@foxrothschild.com

/s/ Ronni Two
Ronni Two (D.C. Bar No. 242431)
Fox Rothschild LLP
1030 15th Street, NW, Suite 380E
Tel: (202) 461-3100
rtwo@foxrothschild.com

*Attorneys for Plaintiff, Penrose Park Associates, L.P.*

Dated: September 4, 2019